UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

GARY H. WOLFELT,

        Plaintiff,

v.

LEWIS COUNTY PUBLIC WORKS AND SOUTH AIRPORT AUTHORITY; JOSH METCALF; and JOHN ROE,

        Defendants.

Case No. 3:22-cv-05669-JHC

ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS

    This matter comes before the Court on the Motion of Defendants Lewis County, Josh Metcalf, and John Roe for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c).  Dkt. # 14.  The Court has considered the materials filed in support of, and in opposition to, the motion, as well as the rest of the case file and the applicable law.  Being fully advised, the Court rules as follows:

    Defendants say that the Court lacks subject-matter jurisdiction, arguing that Plaintiff, who is proceeding pro se, does not satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a).  The Court agrees.

    Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546,

552 (2005).  If a federal court determines that it lacks subject matter jurisdiction at any time during a dispute, the court must dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 502 (2006).  The party invoking jurisdiction must allege facts that establish the Court's subject matter jurisdiction.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).  Generally, the amount in controversy is determined from the face of the pleadings.  *See Pachinger v. MGM Grand Hotel–Las Vegas, Inc.,* 802 F.2d 362, 363 (9th Cir. 1986).  The sum claimed by the plaintiff controls so long as the claim is made in good faith.  *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938).

In diversity cases, where the amount in controversy is in doubt, the Supreme Court has drawn a distinction between original jurisdiction and removal jurisdiction:

> [I]n cases brought in the federal court ... [i]t must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal ... A different situation is presented in the case of a suit instituted in a state court and thence removed.  There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.

*St. Paul Mercury Indem. Co.,* 303 U.S. at 288–290.  As Plaintiff brought this case in federal court, the first standard applies.

The Complaint seeks a total of $100,000: $50,000 in compensatory damages and $50,000 in punitive damages.  Dkt. # 1 at 8.  Defendants claim there is no legal basis for such an award for punitive damages in this case.  Dkt. # 14.  Plaintiff appears to respond that he is asserting a cause of action for fraud, and that he may seek treble and punitive damages.  The Court is unaware of any

legal authority allowing the recovery of treble or punitive damages in this matter.  Nor does Plaintiff cite any.   Thus, it appears that Plaintiff may not make a good faith claim for treble or punitive damages, and it appears to a legal certainty that Plaintiff is asserting a claim for less than the jurisdictional amount.  Given this conclusion, the Court does not reach any of the other issues raised in the motion.

       Accordingly, the Court GRANTS the motion and DISMISSES this matter without prejudice.

Dated:  May 12, 2023.

                                        John H. Chun
                                        United States District Court Judge